UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
:
VICTOR ARDILA ARIZA,                                                :
:
Petitioner,                              :
:          26-CV-05976 (JAV)
-v-                                    :
:          <u>ORDER</u>
KENNETH GENALO, et al.,                                             :
:
Respondents.                             :
:
--------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Petitioner filed a Petition for the writ of habeas corpus under 28 U.S.C. § 2241.  ECF

No. 1 ("Petition" or "Pet.").  The Court ordered that Petitioner not be removed from the country

nor transferred beyond a facility in this District, the Eastern District of New York, or the District

of New Jersey.  ECF No. 2 ("Order").  The Court also directed Respondents to file a letter setting

forth, in relevant part, whether Petitioner was, as alleged, detained in this District at the time the

Petition was filed; if the government's asserted basis for Petitioner's detention is 8 U.S.C. §

1225(b)(2)(A), whether there is any basis to distinguish this case from *Barbosa da Cunha v.*

*Freden*, 175 F.4th 61 (2d Cir. 2026); and if this case is materially indistinguishable from *Barbosa*

*da Cunha*, whether Respondents would consent to issuance of the writ, subject to preservation of

Respondents' arguments for appeal.  Order at 2.

Respondents filed the requested letter on July 17, 2026, confirming Petitioner was

detained in this District at the time of filing but arguing that the facts and legal issues central to

the instant case are materially distinguishable from *Barbosa da Cunha*.  ECF No. 9 at 1-2.  Yet

Respondents concede that the instant case is not materially distinguishable from the facts and

legal issues presented in *Mcdonald v. Francis*, No. 25-CV-09355 (JAV), 2025 WL 3295906

(S.D.N.Y. Nov. 26, 2025).  ECF No. 12 at 3.  Specifically, Respondents allege that Petitioner, a noncitizen, was detained shortly after unlawfully crossing the border and released on his own recognizance in March 2022.  ECF No. 12 at 1-2.  According to Respondents, Petitioner was arrested by the New York City Police Department ("NYPD") for Petit Larceny in violation of New York Penal Law ("NYPL") § 155.25 on both November 2, 2025, and March 2, 2026.  *Id.* at 2.  Following the second arrest, Petitioner pled guilty to Disorderly Conduct in violation of NYPL § 240.20 and was sentenced to a conditional discharge and community service.[1]  *Id.* Accordingly, Respondents allege that "ICE made a targeted decision to arrest Petitioner in light of his criminal arrests by the NYPD."  *Id.* at 3.

The primary legal issue presented here concerns the statutory authority for Petitioner's detention, whether it is 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A).  For the reasons previously set forth in *Mcdonald*, the Court holds that Section 1225(b)(2)(A) does not govern, and that Respondents violated Petitioner's due process rights in exercising its discretionary authority to detain Petitioner under Section 1226(a).

Respondents argue that the remedy in this case should differ from *Mcdonald*, however, given the criminal arrest preceding Petitioner's ICE detention.  *Id.*; *see* ECF Nos. 13-2, 13-3. Namely, Respondents argue that Petitioner should be provided with a bond hearing as opposed to being immediately released.  *See Jimenez Garcia v. Joyce*, No. 26-CV-00429 (AS), 2026 WL

---

[1] Petitioner takes issue with how Respondents characterize his criminal record.  *See* ECF No. 13 at 2-3.  Accordingly, to clarify his record, Petitioner has submitted certificates of disposition for both the November 2025 and March 2026 arrests.  ECF Nos. 13-2, 13-3.  Those certificates indicate that the November 2025 charges against Petitioner were dismissed, ECF No. 13-2, and that he pled guilty to disorderly conduct on March 3, 2026, ECF No. 13-3.

251889 (S.D.N.Y. Jan. 30. 2026) (ordering a bond hearing before an immigration judge rather than outright release in similar circumstances).  The Court agrees.

Accordingly, Petitioner's petition for writ of habeas corpus is GRANTED IN PART AND DENIED IN PART.  The Court finds that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but is instead detained pursuant to 8 U.S.C. § 1226(a).  The Court ORDERS Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge **within 14 days from the date of this order** at which the Government shall bear the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk.  At the bond hearing, the Immigration Judge must also consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay.

The Clerk of Court is directed to terminate all pending motions, adjourn all conferences, and close the case.

SO ORDERED.

Dated: July 27, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3